| Case No. | **CV 19-932-DMG (Ex)** | Date | June 10, 2019 |
|---|---|---|---|

| Title | ***Roger Flores v. Element Materials Technology Huntington Beach LLC*** | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [18]**

On December 28, 2018, Plaintiff Roger Flores filed a Class Action Complaint in Los Angeles County Superior Court against Defendant Element Materials Technology Huntington Beach LLC, alleging the following state-law causes of action: (1) failure to provide meal periods; (2) failure to permit rest breaks; (3) failure to provide accurate wage statements; (4) failure to pay all wages due upon separation of employment; and (5) violation of California Business and Professions Code § 17200 *et seq*. Am. Removal Notice, Ex. B at 3–17 (Compl.) [Doc. # 13-2].[1] Plaintiff brings this action on behalf of the following proposed class: "All California citizens currently or formerly employed as non-exempt employees by Defendant[] in the State of California within four years prior to the filing of this action to the date of class certification." *See id.* at 6. He also intends to represent the following proposed subclass: "All members of the [c]lass who separated their employment from Defendant[] within three years prior to the filing of this action to the date of class certification." *See id.*

On February 6, 2019, Defendant removed the action to this Court, asserting that jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"). Removal Notice at 1–2 [Doc. # 1]. On March 28, 2019, Plaintiff filed the instant motion to remand ("MTR"). [Doc. # 18.] The motion has since been fully briefed. [Doc. ## 20, 21.] Having duly considered the parties' written submissions, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this matter to Los Angeles County Superior Court for lack of subject matter jurisdiction.

//
//
//
//
//

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV 19-932-DMG (Ex) | Date | June 10, 2019 |

| Title | Roger Flores v. Element Materials Technology Huntington Beach LLC | Page | 2 of 4 |

# I.
# LEGAL STANDARD

CAFA affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Pursuant to 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

If a complaint does not specify a particular amount of damages and the plaintiff challenges jurisdiction after removal, the removing defendant "bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million . . . ." *Id.* at 1197. "[R]emoval 'cannot be based simply upon conclusory allegations where the [complaint] is silent'" as to the amount of damages." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

# II.
# DISCUSSION

Plaintiff disputes Defendant's assertions that: (1) the amount in controversy exceeds the $5,000,000 jurisdictional threshold for CAFA, and (2) the parties are adequately diverse for the purposes of CAFA jurisdiction. MTR at 2. For the reasons discussed in this section, the Court agrees that Defendant has failed to establish that the Complaint seeks to recover more than $5,000,000.

Defendant asserts that the amount in controversy is $11,043,601. *See* Am. Removal Notice at 7–12 [Doc. # 13]. This figure is comprised of the following items: (1) $1,191,645.10 for meal period violations, (2) $5,958,225.50 for rest period violations, (3) $950,500 for wage statement violations, (4) $734,510 in waiting time penalties, and (5) $2,208,720 in attorneys' fees. *See id.* at 9–12. Item (1) is predicated on the assertion that each member of the putative class suffered one meal period violation per workweek, whereas item (2) depends upon Defendant's assumption that each proposed class member suffered five rest period violations per workweek. *See id.* at 9–10. Further, Defendant claims that item (5) is a reasonable estimation of Plaintiff's recoverable attorneys' fees because such awards "typically are 25% of any judgment in favor of the plaintiff." *See id.* at 11–12.

Relying on the Complaint's allegation of a "systematic pattern of wage and hour violations[,]" Defendant "conservatively estimates [that] Plaintiff and nonexempt, putative class members did not receive a first or second compliant rest period five times every workweek." *See* Opp'n at 5–6; Am. Removal Notice at 10 [Doc. # 13]; Am. Removal Notice, Ex. B at ¶ 3 (Compl.) [Doc. # 13-2]. This estimate assumes that every putative class member was denied a rest period *every* weekday in *every* workweek or that each putative class member worked shifts of sufficient duration to suffer *more than one* rest break violation during *multiple days* in *each workweek*. Yet, the Complaint does not specify the frequency of the alleged rest break violations. Nor does Defendant's evidence remedy this deficiency, as it merely identifies the number of putative class and subclass members, their average hourly rate of pay, the number of workweeks these employees worked, and the length of Defendant's pay periods. *See* Silva Decl. at ¶¶ 3–9 [Doc. # 20-3]. Consequently, Defendant's calculation of item (2) rests on "mere speculation and conjecture, with unreasonable assumptions." *See Ibarra*, 775 F.3d at 1197; *see also Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (rejecting the defendants' "assumption that each employee missed two rest periods per week" because "the only evidence the defendants proffer[ed] to support their calculation of the controversy [was] a declaration by their supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages").

The authorities upon which Defendant relies do not undermine this conclusion. Notwithstanding Defendant's assertion to the contrary, *Butterworth v. American Eagle Outfitters, Inc.*, No. CV 11-1203 LJO DLB, 2011 WL 4905641 (E.D. Cal. Oct. 14, 2011), did not hold that a 100% violation rate may be utilized if a complaint's allegations do not expressly negate that assumption. *See* Opp'n at 6; *Butterworth*, 2011 WL 4905641, at *6 ("[T]he Court does not specifically adopt this [100% violation rate] calculation but instead uses it as an illustration of the significant amount of damages Plaintiff has alleged in his FAC."). Furthermore, *Gardner v. GC Services, LP*, CV 10-997-IEG (CAB), 2010 WL 2721271 (S.D. Cal. July 6, 2010), simply adopted a defendant's unsupported assumption that its employees "worked 30 minutes of overtime per day over four years . . . ." *See Gardner*, 2010 WL 2721271, at *3. Additionally, Defendant essentially concedes that the other authorities cited in its opposition merely establish that *one* wage and hour violation per workweek may be utilized for the amount-in-controversy calculation. *See* Opp'n at 6 (collecting cases).

Assuming *arguendo* that an estimate of one rest period violation per workweek per proposed class member is appropriate, then the putative class's potential rest period premium recovery falls to $1,191,645.10 (*i.e.*, 53,437 aggregate workweeks x a $22.30 rest period premium

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-932-DMG (Ex) | Date | June 10, 2019 |
|---|---|---|---|
| Title | Roger Flores v. Element Materials Technology Huntington Beach LLC | Page | 4 of 4 |

x 1 missed rest period per workweek). If that figure is combined with items (1), (3), and (4), then the total amount of recoverable damages and penalties becomes only $4,068,300.20.[2]

Moreover, Defendant assumes without any discussion that the attorneys' fee award would amount to 25% of the total class recovery, *see* Am. Removal Notice at 11–12 [Doc. # 13], even though the Ninth Circuit has refused to adopt a *per se* rule that "the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery[,]" *see Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018). Furthermore, Defendant does not event attempt to calculate the Plaintiff's counsel's lodestar. *See* Opp'n at 9 (suggesting—without any supporting analysis—that a $250 hourly rate may be appropriate, and failing to estimate the number of hours Plaintiff's counsel will expend on the instant case). Therefore, Defendant has failed to discharge its burden of proving by a preponderance of the evidence that Plaintiff's attorneys' fee award would cause the amount in controversy to exceed the $5,000,000 jurisdictional threshold.[3]

### III.
### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this case to Los Angeles County Superior Court for lack of jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

---

[2] The Court assumes, without deciding, that Defendant's calculations of items (1), (3), and (4) are accurate.

[3] Because the Court concludes that the amount in controversy does not exceed CAFA's jurisdictional threshold, it need not address whether minimal diversity exists.